DECISION
This matter is before the court on Defendant's motion to dismiss, filed with the court May 22, 2009. The court addressed the motion with the parties at a hearing held July 13, 2009. Richard Banducci (Banducci), the authorized representative for Big Horn Development LLC (Big Horn), appeared for Plaintiffs. Defendant was represented by Paul E. Meyer, Douglas County Counsel, and Ron Northcraft, Douglas County Assessor. For the reasons set forth below, the court concludes that Defendant's motion should be granted.
 I. STATEMENT OF FACTS
Banducci has two appeals pending before this court.[1] Both appeals concern the 2006-07 tax year. The first appeal was initiated by the filing of a Complaint by Banducci on January 29, 2009, requesting value reductions for 11 tax lots, nine of which he owned personally and two of which were owned by Big Horn. The Complaint named only Richard Banducci as the Plaintiff. The two Big Horn lots are identified in the assessor's records as Account Nos. R62071 and R62078. The court assigned that first appeal case number 090069C (Tax Court-Magistrate Division (TC-MD) No 090069C). Defendant, in that case, moved to dismiss the entire Complaint because Banducci did not petition the county board of property tax appeals (board) *Page 2 
before appealing to the Tax Court. Alternatively, Defendant moved to dismiss the Complaint as to the two lots owned by Big Horn because Banducci, the named Plaintiff, is not the record owner, and is therefore not aggrieved, as required by ORS 305.275.[2] By Order issued March 12, 2009, the court dismissed from TC-MD No 090069C, the two accounts owned by Big Horn.
At a subsequent hearing in that first appeal (TC-MD No 090069C), held April 1, 2009, the court granted Banducci's oral request to amend the Complaint, in order to allow Banducci an opportunity to add Big Horn Development LLC as a named Plaintiff, thereby reviving the appeal as to the two tax lots owned by Big Horn. The court mailed Banducci an Amended Complaint form April 1, 2009, to facilitate that process.
On April 14, 2009, a Complaint was filed naming "Big Horn Development LLC, Richard Banducci, [and] Todd Powell," as Plaintiffs. That Complaint was signed by Banducci and Todd Powell (Powell). The Complaint form used was not the Amended Complaint form the court mailed Banducci April 1, 2009. Unaware that the second Complaint was intended as an amendment to the first Complaint, the court treated it as a separate appeal and assigned that Complaint the case number TC-MD No 090811C. After assigning the April 14, 2009, Complaint a new case number (as opposed to treating it as an amendment to the earlier appeal, identified as TC-MD No 090069C), the court sent Defendant a notice of filing on May 18, 2009, informing Defendant of the new appeal, and the 30-day response deadline. In response, the court received and filed Defendant's "Answer, Motions To Dismiss, Counterclaim, Motion To Make More Definite and Certain" (Answer) on May 22, 2009.
Attached to the second Complaint (TC-MD No 090811C) was a power of attorney executed by Powell, who, according to Defendant's representative, is the registered agent for Big Horn. Furthermore, Powell's address is listed as Big Horn's principal address of record for, *Page 3 
among other things, service of process. An attachment to the second Complaint (TC-MD No 090811C) listed all 11 accounts previously listed in the first Complaint, making it unclear whether all 11 lots were under appeal, or only the two lots owned by Big Horn. (Ptfs' Compl at 2.) Defendant, in its May 22, 2009, Answer to the appeal (TC-MD No 090811C), moved for an order directing Plaintiff(s) to make more definite and certain the accounts at issue. At the July 13, 2009, hearing, the court orally granted Defendant's motion to make more definite and certain as to the accounts at issue, and Banducci responded by stating that only the two Big Horn lots — Accounts R62071 and R62078 — were being appealed by the April 14, 2009, (TC-MD 090811C) Complaint. The court announced it would treat that statement as an amendment to the Complaint, removing reference to the other nine tax lots, and limiting the appeal to the two Big Horn lots.
 II. ISSUE
The issue in this case is whether the court should grant Defendant's motion to dismiss the appeal as to the two tax lots owned by Big Horn because Big Horn did not file a petition with the board back in 2006 before appealing the value of those lots to this court in 2008.
 III. ANALYSIS
Procedurally, there are two alternative routes the court can take in treating the April 14, 2009, Complaint filed by Banducci and Powell, captioned "Big Horn Development LLC, Richard Banducci, Todd Powell." The court can either treat that document as an amendment to the Complaint in the appeal previously filed by Banducci (TC-MD No 090069C), or treat that document as a separate appeal. In either case, dismissal is appropriate because the appeal concerns tax year 2006-07, and there was no petition filed with the board before the December 31, 2006, statutory deadline set out in ORS 309.100. Also, Banducci has not established good and sufficient cause for Big Horn's failure to properly pursue its statutory right *Page 4 
of appeal. ORS 305.288(3). Accordingly, the court will treat the second Complaint as a second appeal, rather than as an amendment to the first appeal.[3]
Oregon has a structured appeals system for taxpayers to follow when challenging real market value (RMV) assigned to their properties. The first step in that process is to petition the county board. Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2). The applicable deadline for the 2006-07 tax year was December 31, 2006. Big Horn did not file a petition with the board in 2006, or at any time, for the 2006-07 tax year.
There are limited instances in which the Tax Court can consider a value reduction request where the taxpayer has failed to petition the board, and comes directly to the court. Big Horn did that in this case, filing its appeal in 2008. Because the appeal involves unimproved land, the court can only consider the appeal if Big Horn can establish "good and sufficient cause" for not following the ordinary appeal process.
The applicable statute is ORS 305.288(3), and provides, in relevant part:
 "The tax court may order a change or correction applicable to a separate assessment of property * * * for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
The statute defines the operative term "good and sufficient cause" as follows:
 "(b) "Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship * * *." *Page 5 
When questioned by the court, Banducci was unable to explain why Big Horn did not petition the board before the December 31, 2006, deadline for the 2006-07 tax year. Lack of knowledge is specifically excluded from the definition of good and sufficient cause. Accordingly, Defendant's motion to dismiss is well taken.
 IV. CONCLUSION
After considering the matter, the court concludes that Defendant's motion to dismiss should be granted because Plaintiff Big Horn did not petition the board before appealing to the Tax Court for the year at issue (2006-07), and has not established good and sufficient cause for its failure to do so. Accordingly, the court lacks jurisdiction to consider the appeal of the two Big Horn tax lots (R62071 and R62078). Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss Plaintiffs' appeal is granted, and Plaintiffs' appeal is dismissed.
Dated this ___ day of August 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on August 18,2009. The Court filed and entered this document on August 18, 2009.
[1] Plaintiff filed a third appeal in this court on July 1, 2009, involving an unrelated account. That appeal has been assigned case number 091259C. It is not addressed in this Decision.
[2] Unless noted otherwise, all references to be Oregon Revised Statutes (ORS) are to the 2007 edition.
[3] That being the case, the court's Decision herein affects TC-MD No 090811C. *Page 1